NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BOBBY TUCKER, | No. 16-35617 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00570-MJP |
| v. | |
| CLAREMONT AT WALDEN LLC; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted September 26, 2017[**]

Before:     SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Bobby Tucker appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging federal and state law claims related to the

denial of housing.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm in

part, vacate in part, and remand.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

In Tucker's opening brief, Tucker failed to address any of the grounds for dismissal, and has therefore waived his challenge to the district court's order. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e review only issues which are argued specifically and distinctly in a party's opening brief." (citation and internal quotation marks omitted)); *Acosta–Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived). However, because the district court lacked an independent basis for subject matter jurisdiction over the state law claims against defendants Chan and the Seattle Office of Civil Rights, dismissal as to these defendants should have been without prejudice. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) ("[B]ecause the district court lacked subject matter jurisdiction, the claims should have been dismissed without prejudice."). We vacate the judgment in part and remand for the district court to dismiss the state law claims against these defendants without prejudice.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**